IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ROBERT GOOD,

    Defendant.

Criminal No. 11-0045-011
Criminal No. 12-0146
**ELECTRONICALLY FILED**

# MEMORANDUM ORDER RE: RECONSIDERATION OF DEFENDANT'S MOTIONS TO REDUCE SENTENCE

On April 13, 2016, the United States Court of Appeals for the Third Circuit granted the Joint Motion to Remand and Dismiss Appeals by Defendant Robert Good ("Good") and the United States of America ("government"), remanding this case, so that this Court could reconsider Defendant's Motions to reduce his sentences at case numbers 11cr45 (doc. no. 1468) and 12cr146 (doc. no. 45), pursuant to 18 U.S.C. $3582(c)(2)$ and based upon Amendment 782 to the United States Sentencing Guidelines ("U.S.S.G.") which amended § 2D1.1 and decreased the base offense levels applicable to Good, according to the amount of heroin for which he took responsibility in his guilty pleas. For the reasons set forth herein and pursuant to the relevant sentencing factors codified at 18 U.S.C. 3553, the Court DENIES Good's Motions to reduce his sentence.

## I. Background and Procedural History

In 2011, Good was charged with alleged violations of 21 U.S.C. §§ 841 and 846 stemming from his role in a conspiracy to distribute heroin. 11cr45; Doc. No. 1. He pled guilty to a lesser

included offense on March 26, 2012, agreeing that he was responsible for 60 to 80 grams of heroin. 11cr45; Doc. No. 747.

While on bond pending sentencing subsequent to his guilty plea, Good was arrested by the Drug Enforcement Administration on May 10, 2012 and charged with significantly more serious heroin trafficking and firearms crimes. 12cr146; Doc. No. 8. Search warrants for residences connected to Good executed on the day of his arrest recovered, *inter alia*, (1) 53 bricks of heroin; (2) $79,885; (3) a stolen, loaded Glock 17 pistol, beside a high-capacity 33-round magazine containing 30 rounds; (4) a stolen, loaded .38 caliber Smith & Wesson pistol; (5) a digital scale; (6) eight cell phones; and (7) documents connected to Good - - including an Order from this Court scheduling a change of plea hearing at case number 11cr45. Doc. No. 1481, pp. 3-4.

Good pled guilty to Counts 2 and 3 of the indictment at 12cr146, possession of heroin with intent to distribute and possession of a firearm in furtherance of a drug trafficking crime, on May 10, 2012 - - agreeing that he was responsible for at least 100 grams but less than 400 grams of heroin. 12cr146; Doc. No. 39.

Good was sentenced to 36 months of imprisonment at case number 11cr45. 11cr45; Doc. No. 954. He was sentenced to 78 months of imprisonment plus a consecutive 6 month term of imprisonment enhancement at Count 2 and a 60 month term of imprisonment, plus a consecutive 6 month term of imprisonment enhancement at Count 3 at case number 12cr146, for a total term of imprisonment of 150 months to run consecutive to the sentence at case number 11cr45. 12cr146; Doc. No. 40.

II. **Legal Standard**

In *Dillon v. United States*, the United States Supreme Court defined the procedure to be

followed by district courts considering motions for sentence reductions pursuant to 18 U.S.C. § 3582(c)(2). 560 U.S. 817 (2010). First, the Court must determine the guideline range that would have applied to the defendant if the relevant amendment had been in effect at the time of the original sentencing. *Id.* at 827. "In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." *Id.* (internal citation omitted). Second, the Court must consider the applicable § 3553(a) factors to determine whether the reduction authorized by the amendment is warranted in whole or in part under the particular circumstances of the case. *Id.* "In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served." U.S.S.G. § 1B1.10(2)(C).

### III. Analysis

The United States Sentencing Commission amended U.S.S.G. § 2D1.1 to decrease the base offense levels applicable in this case for the respective amounts of heroin for which Good accepted responsibility - - decreasing the base offense level for 60 to 80 grams of heroin from 22 to 20 and the base offense level for 100 to 400 grams of heroin from 26 to 24.

*A. 11cr45*

On July 27, 2012, this Court sentenced Good to a term of imprisonment of 36 months. To date (and at the time Defendant filed his Motion to reduce his sentence on December 2, 2015), Defendant has already served more than 36 months in prison and, therefore, any reduction to the sentence imposed at 11cr45 would violate the prohibition in U.S.S.G. § 1B1.10(2)(C) that '[i]n no event may the reduced term of imprisonment be less than the term of imprisonment the defendant

has already served." Accordingly, Good's motion to reduce his sentence at case number 11cr45 is DENIED.

### B. *12cr146*

On March 26, 2013, for the case at 12cr146, this Court sentenced Good to a term of imprisonment of 78 months at Count 2, plus a consecutive 6 month term of imprisonment enhancement, and a 60 months term of imprisonment at Count 3, plus a consecutive 6 month term of imprisonment enhancement, with each term of imprisonment to be served consecutively for a total term of imprisonment of 150 months. Good's guideline range was determined to be 78-97 months at Count 2, and a mandatory 60 months at Count 3 based on his possession of a firearm in connection with drug trafficking. The additional consecutive 6 months of imprisonment imposed at each count were in accordance with 18 U.S.C. § 3147, which mandates an additional year of incarceration for offenses committed while on release.

Under Amendment 782, Good's guideline range would be reduced to 63-78 months at Count 2 and unchanged at Count 3. The mandate imposed by 18 U.S.C. § 3147 for an additional year of incarceration would also remain unchanged. Defendant argues that he should receive a "proportional reduction" in his sentence pursuant to Amendment 782, and urges the Court to reduce his sentence at Count 2 to 63 months of imprisonment.

The Court finds, however, that a reduction of Good's sentence is not warranted considering the 18 U.S.C. § 3553(a) sentencing factors, particularly the nature and circumstances of the offense and the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to protect the public from further crimes of the defendant. Good was on bond and

awaiting sentencing for the crimes he pled guilty to at case number 11cr45 when he committed the crimes he pled guilty to at case number 12cr146. He was aware of the potential consequences of continued drug trafficking, and instead of ceasing his criminal conduct, he increased his heroin trafficking and used firearms in furtherance of those crimes. Accordingly, Good's motion to reduce his sentence at case number 12cr146 is DENIED.

**IV.    Conclusion**

For the reasons set forth, Defendant's Motions to Reduce Sentence at case numbers 11cr45 and 12cr146 are DENIED.

SO ORDERED this 10th day of May, 2016,

s/Arthur J. Schwab\
Arthur J. Schwab\
United States District Judge

cc:    All Registered ECF Counsel and Parties